# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JENNY GILMORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **8:10CV57** |
| **O'DANIEL MOTOR CENTER, INC.,** ) | |
| d/b/a **O'DANIEL HONDA, A Nebraska** ) | **ORDER** |
| **Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

This matter is before the court on plaintiff's "Second Motion for Leave to File Amended Complaint" adding a jury demand (Doc. 14). Noting the defendant's objections (Doc. 15), the court finds that the motion should be granted.

Plaintiff's complaint for employment discrimination was removed to this court from Nebraska state court on February 10, 2010. Defendant's answer was filed on March 12, 2010.

On March 31, 2010, plaintiff was granted leave to file an amended complaint to attach exhibits demonstrating the exhaustion of administrative remedies. Prior to filing the amended pleading, however, counsel realized that no jury demand had been made after removal. Thus, plaintiff filed the pending motion requesting relief pursuant to Fed. R. Civ. P. 39(b).

Proceedings after removal are governed by Fed. R. Civ. P. 81(c). The rule provides, in relevant part:

**(3) Demand for a Jury Trial.**

**(A) As Affected by State Law.** A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.

**(B) Under Rule 38.** If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:

  (i) it files a notice of removal; or

  (ii) it is served with a notice of removal filed by another party.

The term "necessary pleadings" is not defined; however, recent cases have construed the term to mean "*all* pleadings." *Wilhelm v. Wilhelm*, 662 F. Supp. 2d 424, 426 & n.3 (D. Md. 2009) (emphasis in original). In this case, it would appear that the "necessary pleadings" consist of the complaint and the answer.[1] Since the answer was not filed at the time of the removal, the court finds that Rule 81(c)(3)(B) does not apply.

In *Kay Beer Distributing, Inc. v. Energy Brands, Inc.*, 2009 WL 1705746 at *2, Case No. (NO. 07-C-1068) (E.D. Wis. June 12, 2009), the court held that Rule 81(c)(3)(A) applies when the applicable state law does not require a jury demand at all. Nebraska law does not

---

[1] A statement made in an order filed by this court in *Focken v. Fortis Ins. Co.*, 2008 WL 1924224, Case No. 8:07CV280 (D. Neb. Apr. 29, 2008), suggests that the filing of a complaint in state court is the only pleading "necessary" to trigger the Rule 38 deadline for making a jury demand. While the complaint was the only pleading "necessary" to effect the defendant's removal of the action, it was still necessary for the defendant to file an answer in that case. Since that time, Fed. R. Civ. P. 81 has been amended, and the court's corresponding local rule 81.1 has been rescinded. Were the court to revisit the issue raised in *Focken*, the court would not find that all "necessary pleadings" had been served at the time of the removal.

require a party to make any express demand for trial by jury, *see* Neb. Rev. Stat. § 25-1104.

Applying Fed. R. Civ. P. 81(c)(3)(A), the plaintiff was not required to make any jury demand in this court unless the court ordered the parties to do so within a specified time. In prior cases addressing this issue, it has been held that the court ordered the parties to make jury demands in removed cases within the time specified by local rule. *See, e.g., Bruns v. Amana,* 131 F.3d 761 (8th Cir.1997) (Local Rule 81.2 was a directive by the district court which required the parties to file an express demand for a jury trial within a certain time). When the case at bar was removed, however, this court had no local rule in effect specifying a time by which a party was required to make a jury demand.

Since there is no longer any applicable local rule, and Fed. R. Civ. P. 81(c)(3)(A) does not require a party to make a jury demand "[i]f the state law did not require an express demand for a jury trial," and Nebraska law does not require an express demand for a jury trial, the court finds that the plaintiff's jury demand is not untimely.

Other court have opined that Fed. R. Civ. P. 81(c)(3) is "poorly crafted" and difficult to apply. *See Cross v. Monumental Life Ins. Co.*, 2008 WL 2705134 at *1, Case No. 08-8019 (D. Ariz. July 8, 2008); *Kay Beer Distributing, Inc. v. Energy Brands, Inc.*, 2009 WL 1705746 at *2. "[T]he needless complexity of the removal rule, Rule 81(c), sometimes creates a trap for the unwary." *Cross*, 2008 WL 2705134 at *1 (citing 8 Moores Federal Practice § 39.31(5)(h)(i) (2006). In this instance, even assuming that the plaintiff's jury demand was untimely, the request for a jury was asserted at an early stage of the proceeding

and will cause no prejudice to the defendants or interference with the court's schedule. Under the circumstances, the court would grant relief to the plaintiff pursuant to Fed. R. Civ. P. 39(b).

**IT IS ORDERED** that plaintiff's "Second Motion for Leave to File Amended Complaint" adding a jury demand (Doc. 14) is granted. Plaintiff shall file and serve the amended pleading no later than **June 1, 2010.** Defendant shall respond within the time allowed by Fed. R. Civ. P. 15.

**DATED May 17, 2010.**

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**